Perry Wayne PEERCY, Appellant,

v.

Hon. B. R. PAXTON, Judge, 45th Judicial District, Appellee.

Supreme Court of Kentucky.

Aug. 31, 1982.

Roger Miller, Greenville, for appellant.

Dan Cornette, Greenville, for appellee.

STERNBERG, Justice.

On June 16, 1982, appellant filed a petition for a writ of mandamus against the appellee in the Court of Appeals of Kentucky. Therein he sought to have the court cause the appellee to enter an order discharging him from custody. On July 15, 1982, the Court of Appeals entered an order denying appellant's petition, from which order this appeal has been prosecuted.

Appellant charges that RCr 5.22 requires his release. So much of RCr 5.22 as is applicable to the subject action provides:

"(2) Final adjournment of a grand jury without its having indicted a defendant held to answer shall effect his discharge from custody or, if he is free on bail that has not been forfeited, shall exonerate the bail unless the grand jury refers the matter to the next grand jury, which referral must be in writing to the circuit court. In any event, a defendant held to answer for longer than 60 days without having been indicted shall be entitled to discharge from custody . . . . "

The progress of appellant's case in the annals of the court reflects the following:

| | |
|---|---|
| March 14, 1982- | Peercy was arrested. |
| March 23, 1982- | Peercy was bound over to the grand jury. |
| June 7, 1982- | A six-count indictment was returned against Peercy. |
| June 14, 1982- | Peercy was arraigned and a trial date fixed. |
| June 14, 1982- | Peercy filed a motion to discharge for failure to indict in 60 days. |
| June 14, 1982- | Peercy's motion to discharge was denied. |

The second sentence of RCr 5.22(2) applies only while a defendant remains unindicted. It applied to Peercy after he had been held for 60 days, but ceased to apply when he was indicted. The appellant was indicted on June 7, 1982. The purpose of

the rule is to limit the period of time a defendant may be held in custody without being indicted.

Appellant's petition for a writ of mandamus was properly denied by the Court of Appeals, and its order of July 15, 1982, is affirmed.

All concur.